IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-cr-30003 |
| ) | |
| PATRICK B. WALLACE, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

For the following reasons, the Court adopts the Report and Recommendation [d/e 30] entered by U.S. Magistrate Judge Byron G. Cudmore.

I.

The Court notes at the outset that the facts and procedural history of this case are set out in the Report and Recommendation and the other filings before the Court. The Court sees no need to rehearse them once again.

1

The Court has reviewed and fully considered the following documents:

- Defendant Patrick B. Wallace's Motion to Dismiss Affidavit in Support of Search Warrant [d/e 18];
- the Defendant's Amended Motion to Dismiss Affidavit in Support of Search Warrant and Search Warrant [d/e 26];
- the Government's Response [d/e 27];
- the Defendant's Reply [d/e 29];
- the Report and Recommendation [d/e 30];
- the Defendant's Objections to Report and Recommendations [d/e 32]; and
- the Defendant's pro se Objections to Evidentiary Hearing of June 13, 2012 [d/e 33].

In addition, the Court has reviewed Government Exhibit 2, the audiovisual recording of the Confidential Source (CS) visiting the residence. Like Judge Cudmore, the undersigned has not reviewed Government Exhibit 1 (investigative reports prepared following execution of the warrant) or Government Exhibit 3 (recording of CS' second controlled purchase conducted after the warrant was secured).

Finally, the Court has reviewed the audio recording of the limited evidentiary hearing held on June 13, 2012, before Judge Cudmore.[1]

---

[1] Two compact discs containing the recording will be filed conventionally upon the entry of this Opinion.

II.

The Defendant, through counsel, has filed his Objections to the Report and Recommendation [d/e 32]. (The Court will address the issues raised in a slightly different order than raised by the Defendant.)

A.

Throughout his Objections, the Defendant states that Detective Bonnett testified that he failed to review the audio and videorecording contained in Government Exhibit 2 before submitting his affidavit to the state court judge. *See* Objections [d/e 32], pages 6, 7, 8, 9, 12, 13. The Defendant claims that this was reckless.

However, in the Report and Recommendation [d/e 30], Judge Cudmore stated the following: "Bonnett reviewed the recording (Government's Exhibit #2) before he prepared the Affidavit." Report and Recommendation [d/e 30], page 9.

The Court has reviewed the audio recording of the hearing, which reflects that <u>Detective Bonnett testified that he did review the recording prior to submitting his affidavit</u>. *See* Audio Recording of Evid. Hrng., June 13, 2012, Vol. I, 17:06-17:13, 48:53-49:01.

3

Accordingly, this objection is without merit, and it will be overruled.

B.

The Defendant objects because the audio and video do not show the CS making a narcotics purchase from the Defendant. The Defendant states that Detective Bonnett should have included this information in his affidavit, and his failure to do so was reckless.

The Court has reviewed Government Exhibit 2, and agrees that it is difficult to see and hear what is occurring within the residence. The major reason for this is that, within the residence, most of the lights were off and the shades were drawn.

In the end, the video is inconclusive—it neither corroborates nor contradicts what the CS told Detective Bonnett regarding what transpired inside the residence (and what Detective Bonnett relayed to the state court judge).

As the video was inconclusive, there was no need for Detective Bonnett to mention it in his affidavit.

## C.

The Defendant objects because the CS can be heard speaking with other individuals, and there are a few fleeting images of people other than the Defendant. The Defendant argues that the CS could have purchased the drugs from these people outside of the range of the chest-mounted hidden camera.

A review of the Government Exhibit 2 does not show any physical contact between the CS and any of these other individuals. The Defendant presented no other evidence that the CS made physical contact with these other individuals.

Counsel for the Defendant has submitted a proffer from a woman who was named as a co-defendant in the criminal complaint in this case. Counsel stated the woman would testify that she spoke to the CS when he arrived at the residence and that he also spoke to two other individuals before exiting his vehicle, but that she did not see whether any transaction occurred between these individuals. Again, this demonstrates very little.

The Court concludes that Detective Bonnett was not reckless in preparing his affidavit. There was no specific reason why he should have thought that the drugs were provided by another person at the residence.

D.

The Defendant objects because he believes Detective Bonnett should have known the CS was allegedly lying. The Defendant states that the following issues should have led him to suspect that the CS was lying: (1) the familial status of the CS and the Defendant (cousins), (2) Detective Bonnett allegedly had limited information regarding the CS' track record in another city, and (3) the fact that the CS was paid for his services.

In addition, the Defendant argues that the fact that Detective Bonnett was unable to produce the CS to the state court judge is further evidence that Detective Bonnett recklessly believed an unreliable source.

The Court notes that the characteristics raised by the Defendant are not unusual for confidential sources—this is par for the course. Confidential sources are not generally stellar members of society, and most act out of self-interest. Many have grudges.

This is why agents wire them with audio and video recording devices, keep them under constant surveillance, and search them and their vehicles before and after controlled purchases. Judges who review warrant applications are aware of these issues.

Furthermore, as a general rule, agents try to avoid providing any information in these kinds of documents that could lead to the discovery of a source's identity.

After considering these issues, the Court concludes that Detective Bonnett was not reckless in excluding these details from his affidavit.

E.

The Defendant objects to the inclusion of the CrimeStoppers tip in the Report and Recommendation. The Defendant argues that no documentation was tendered regarding the tip. The Defendant argues that it is "nothing more than unsupported hearsay."

Detective Bonnett detailed the tip in his sworn affidavit, and provided testimony on the tip during the hearing, in response to a question from Defense counsel. *See* Affidavit [d/e 26-1]; Audio Recording of Evid. Hrng., June 13, 2012, Vol. I, 27:22-28:00. The Court

notes that "[a]t a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." *United States v. Raddatz*, 447 U.S. 667, 679 (1980).

F.

The Defendant argues that Detective Bonnett was reckless in preparing the affidavit, because he improperly filled his affidavit with hearsay statements of both the CS and other law enforcement officers.

This argument is without merit. *See Jones v. United States*, 362 U.S. 257, 271-72 (1960) ("We conclude therefore that hearsay may be the basis for a warrant. . . . as hearsay alone does not render an affidavit insufficient, the Commissioner need not have required the informants or their affidavits produced . . . so long as there was a substantial basis for crediting the hearsay") (overruled on other grounds); *Rugendorf v. United States*, 376 U.S. 528, 533 (1964); *Franks v. Delaware*, 438 U.S. 154, 165 (1978); *United States v. Carmichael*, 489 F.2d 983, 986 (7th Cir. 1973).

G.

In summary, the Court concludes that the Defendant has failed to meet his burden to show that, with reckless disregard for the truth, Detective Bonnett included false information in his affidavit in support of an application for a search warrant. *See Franks v. Delaware*, 438 U.S. 154 (1978).

III.

The Defendant has submitted a pro se filing—Defendant's Objection to Evidentiary Hearing of June 13, 2012 [d/e 33]. This is not the first time the Defendant has filed pro se motions in this case, even though he is represented by counsel. *See* Text Order of June 20, 2012 (Cudmore, J.) ("Defendant Patrick B. Wallace'[s] pro se request . . . reviewed and STRICKEN without prejudice. Defendant is represented by competent counsel, R. John Alvarez. Represented Defendants should proceed with motion practice through and by their attorneys.").

"[A] defendant who is represented by counsel does not have the right to file his own pro se submissions." *United States v. Mosley*, 353 Fed. App'x 49, 53 (7th Cir. 2009) (citing *United States v. Williams*, 495

F.3d 810, 813 (7th Cir. 2007); *United States v. Gwiadzdzinski*, 141 F.3d 784, 787 (7th Cir. 1998)).

Accordingly, the Court will overrule the objection. In the alternative, it would be overruled on the merits.

## IV.

*Ergo*, Defendant Patrick B. Wallace's Motion to Dismiss Affidavit in Support of Search Warrant [d/e 18] and the Defendant's Amended Motion to Dismiss Affidavit in Support of Search Warrant and Search Warrant [d/e 26] are DENIED. The Defendant's Objection to Report and Recommendations [d/e 32], and the Defendant's pro se Objection to Evidentiary Hearing of June 13, 2012 [d/e 33] are OVERRULED. The Court hereby ADOPTS the Report and Recommendation [d/e 30] entered by U.S. Magistrate Judge Byron G. Cudmore.

IT IS SO ORDERED.

ENTER: August 28, 2012

FOR THE COURT:        /s/ Richard Mills
_____
                    Richard Mills
              United States District Judge