IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 12-30003 |
| | ) | |
| PATRICK WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Remand for Reconsideration of Defendant Patrick B. Wallace's Motion for Return of Property. As directed, the Government has filed a Response to the Defendant's Motion. The Defendant has filed a Reply and a Memorandum in support thereof.

On December 23, 2014, the Defendant filed a Motion for Return of Property seized during the execution of a Sangamon County, Illinois search warrant on December 15, 2011. The Defendant's Memorandum identified 32 items that he requests be returned. The Government was directed to present evidence as to the status of the property seized.

Rule 41(g) of the Federal Rules of Criminal Procedure allows a federal prisoner to seek the return of property in the Government's possession if the Government no longer needs the property. See United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007). "Therefore, if the Government no longer possesses the property at issue, no relief is available under Rule 41(g)." Id. Rule 41(g) does not authorize a motion or claim against the Government for restitution or recovery of proceeds. See id. n.3. It also does not authorize monetary relief for improper disposition of property. See United States v. Norwood, 602 F.3d 830, 832-33 (7th Cir. 2010).

Attached to the Government's Response is the affidavit of Scott Giovannelli, a Special Agent with the Drug Enforcement Administration (DEA), who is currently a Group Supervisor for the DEA Springfield, Illinois Resident Office. Special Agent Giovannelli participated in the investigation of the Defendant. Based on his personal involvement in addition to information from other law enforcement officers involved in the investigation, Special Agent Giovannelli has personal knowledge regarding

the items that were seized and their whereabouts.

The search warrant and listing of 37 items seized are attached to Special Agent Giovannelli's affidavit. During the search of the Defendant's residence, agents also seized a 2008 Buick Lucerne. The vehicle was inventoried and a list of the items seized is also attached to the affidavit as DEA Form 12. A listing of items seized and introduced as evidence during the trial remain in the custody of the Clerk of the Court. Those items are described in the affidavit. The form is attached thereto as DEA 48A.

Special Agent Giovannelli's affidavit provides that the only property currently in the possession of the DEA that is listed in the Defendant's Memorandum are part of items, as numbered by the Defendant: 1 (seven cell phones) and 2 (three laptop computers), 3 (three cell phone chargers), 7 (numerous DVDs and videotapes), and 9 (numerous keys). Additionally, items now in the possession of the Clerk include part of 1 (one cell phone) and 4 (metal detector), 5 (police scanner), 6 (video surveillance equipment) and 8 (clock radio recorder).

The Government states it is willing to return the aforementioned

items to the Defendant, as directed by the Court, upon receipt from the Defendant of a designated person to whom the property should be transferred. Moreover, the Government notes that items numbered 10 through 14 were forfeited through the Sangamon County State's Attorney's Office and the Buick Lucerna was released to the lien holder.

Special Agent Giovannelli further states that the DEA attempted to return items numbered 15-27 to the Defendant through counsel soon after the Defendant's arrest in 2011. However, that did not occur and in 2013, the DEA's Springfield's Office underwent extensive maintenance and cleaning of the garage and the box which contained items 15-27 was inadvertently discarded. The Government regrets the DEA's error. Because the items are no longer in its possession, no relief is available for the Defendant under Rule 41(g). See Stevens, 500 F.3d at 628. Additionally, the Defendant has no remedy for monetary damages. See Norwood, 602 F.3d at 832-33.

Special Agent Giovannelli's states that agents did not seize digital cameras or a video camera and they did not seize $5,000 from the Buick

Lucerna. The only money seized was forfeited through a civil forfeiture action. See United States v. $4,290.00 in U.S. Currency, Case Number 3:12-cv-3141.

The Court has reviewed the Defendant's Motion and Memorandum and his Reply to the Government and Memorandum in Support. However, the Court can only order the return of those items in possession of the Government and the Court. Moreover, the Court has no authority to grant any other form of relief under Rule 41(g). Based on the information contained in the affidavit, the Court will direct that the items in the possession of the DEA or the Clerk of Court be returned to the Defendant upon his designation of a representative.

Ergo, the Defendant's Motion for Return of Seized Property [d/e 145] is ALLOWED in Part and DENIED in Part.

The following items which are in the possession of the Drug Enforcement Administration, as numbered in the Defendant's Memorandum: part of No. 1 (seven cell phones) and No. 2 (three laptop computers), No. 3 (three cell phone chargers), No. 7 (numerous DVDs and

videotapes) and No. 9 (numerous keys); and the following which are in the possession of the Clerk of Court: part of No. 1 (one cell phone) and No. 4 (metal detector), No. 5 (police scanner), No. 6 (video surveillance equipment) and No. 8 (clock radio recorder), shall be returned to the Defendant upon receipt from the Defendant of a designated person to whom the property should be transferred.

Upon designation of such a person by the Defendant, the Government will return the property to that individual.

The Defendant's Motion is DENIED to the extent that he seeks the return of any other property because only the aforementioned items are in the Government's possession.

The Defendant's Motion to Compel [d/e 147] is DENIED.

The Clerk will send a copy of this Opinion to Defendant Patrick B. Wallace.

ENTER: October 22, 2015

    FOR THE COURT:

        s/Richard Mills
        Richard Mills
        United States District Judge