IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 12-30003 |
| | ) | |
| PATRICK WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

This matter is before the Court on remand following the mandate of the United States Court of Appeals for the Seventh Circuit.[1]

The Defendant, Patrick Wallace, seeks the return of certain property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.

In this situation, he cannot prevail.

I.

On July 1, 2016, the Government filed a status report which included

---

[1] In its Order, the Court of Appeals directed: "On remand, the district court should clarify the status of the seized property, and the outcome of that inquiry should determine what remedies, if any, are available to Wallace."

the supplemental affidavit of Special Agent Scott Giovannelli of the Drug Enforcement Administration, in addition to documents relating to the forfeiture of certain property. On July 29, 2016, the Defendant filed a response.

In an Order entered on August 15, 2016, the Court ordered the Government to file a reply or supplemental response to the Defendant's Motion for Return for Property. The Government was directed to "address whether an effort was made to notify the Defendant at the jail where he was detained pending trial and, if not, whether the notice sent to the Defendant's home address was sufficient to comply with due process in light of applicable law." See Doc. No. 186, at 4. The Government has filed its response as directed.

The Court requested the supplemental response from the Government after determining from the record it was not apparent that the Defendant was served with notice of a pending forfeiture action at the county jail where he was detained pending trial on federal drug charges. The record showed that the notices of pending forfeiture relating to a washer, dryer and

four televisions that were seized by Springfield Police on December 15, 2011 were sent to the Defendant's residence at 700 N. 14th Street in Springfield, Illinois, on or about January 30, 2012.

The notice of pending forfeiture as to the washer and dryer were sent by certified mail to Wallace's home address and also to Thalia Wilson, 1224 Garland Ave., Mobile, Alabama. The notice as to the washer and dryer was received on February 4, 2012, and signed by individuals on Wallace's and Wilson's behalf. The notice provided that if a claim and cost bond is not filed by March 15, 2012, Wallace's interest will be forfeited to the State of Illinois. The Declaration of Forfeiture states that, pursuant to Section 6(D) of the Drug Asset Forfeiture Procedure Act, the Samsung Washing Machine and Samsung Dryer were forfeited to the State of Illinois. On March 16, 2012, the Declaration of Forfeiture was mailed to Wallace and Thalia Wilson.

The notice as to the four televisions was sent by certified mail to Wallace's home address and received by an individual residing there on February 4, 2012. The notice provided that if a claim and cost bond is not

filed by March 15, 2012, Wallace's interest will be forfeited to the State of Illinois. The Declaration of Forfeiture states that, pursuant to Section 6(D) of the Drug Asset Forfeiture Procedure Act, a 73" Mitsubishi television, a 50" Panasonic television and two Visio televisions were forfeited to the State of Illinois. On March 16, 2012, the Declaration of Forfeiture was mailed to Wallace's address.

## II.

The Court was concerned as to whether the notice was sufficient in light of Seventh Circuit authority. In Gates v. City of Chicago, 623 F.3d 389 (7th Cir. 2010), the Seventh Circuit considered whether notice initially sent to the home address of arrestees is "reasonably calculated to reach them." See id. at 401. "There is a risk (which we cannot quantify on this record) that incarcerated persons will never see notices that were sent to their homes, in some cases because other persons living in the home will not forward the notice to an incarcerated arrestee." Id. at 401-02. Here, an individual at the Defendant's home address did sign to acknowledge receipt of both notices addressed to the Defendant. However, the notice

was not accepted by the Defendant and there is no evidence that it was forwarded to him at the jail, where he remained in federal custody.

Attached to the Government's motion is an affidavit of the attorney for the Government, who states there is no evidence that the State's Attorney's Office made any attempt to notify the Defendant of the pending forfeiture following his arrest and detention. Counsel states, however, that there was no communication between the United States and the State's Attorney's Office about the forfeiture. Moreover, the Government did not provide any direction to the Springfield Police Department or the State's Attorney's Office.

Additionally, Counsel states that during the Defendant's trial which began in October of 2012–several months after the items were forfeited–the washer, dryer and four televisions were not introduced as evidence. There was a discussion about these items during the Defendant's sentencing hearing on May 24, 2013. At that time, Counsel for the Government stated it was his understanding that certain items had been forfeited through the Sangamon County States's Attorney's Office.

III.

A federal prisoner may use Rule 41(g) to recover his property that the Government no longer needs. See United States v. Stevens, 500 F.3d 625, 628 (7th Cir. 2007). If the Government does not possess the property, however, the Defendant cannot recover it under Rule 41(g). See id. If the property is not in the Government's possession, Rule 41(g) provides no relief. See id. Rule 41(g) does not authorize monetary relief for the loss of property. See United States v. Norwood, 602 F.3d 830, 832-33 (7th Cir. 2010). However, if the owner of the property is seeking monetary relief, he may have other remedies. See id. at 833-39; Stuart v. Rech, 603 F.3d 409, 411 (7th Cir. 2010).

Although certain remedies may be available to a defendant seeking the return of seized property, this Court does not have jurisdiction to order the return of property seized and forfeited by state authorities under state law. See e.g., United States v. Solis, 108 F.3d 722, 723 (7th Cir. 1997); United States v. Copeman, 458 F.3d 1070, 1072-73 (10th Cir. 2006). In Copeman, the Tenth Circuit stated:

6

> [T]here are some limited circumstances under which Rule 41(g) can be used as a vehicle to petition for the return of property seized by state authorities. Those circumstances include actual federal possession of the property forfeited by the state, constructive federal possession where the property was considered evidence in the federal prosecution, or instances where property was seized by state officials acting at the direction of federal authorities in an agency capacity.

458 F.3d at 1071 (citation omitted). If the Government does not possess and has never possessed the property, it is not the appropriate party from which to request its return. See Solis, 108 F.3d at 1023.

The Government notes that the washer, dryer and four televisions at issue here were seized by city officers of the Springfield Police Department as part of a joint operation with the DEA in the execution of a state search warrant. It was never in the actual or constructive possession of the federal government. The Government did not introduce the seized items in to evidence at the Defendant's trial. Moreover, there is no evidence that the city officers were acting at the direction of the DEA. Accordingly, the limited circumstances recognized by the Tenth Circuit in Copeman are not present here and Rule 41(g) provides no relief.

While acknowledging there may be an issue concerning the adequacy

of the State's notice of forfeiture to the Defendant given his in-custody status, this is not the appropriate proceeding to address that issue. Moreover, the United States is not the proper party. See Solis, 108 F.3d at 1023.

The Government notes that the Defendant, who was on notice of the possible forfeiture no later than during his sentencing in May of 2013, may have an adequate state law remedy. In any event, the record establishes that the United States is not now–nor has it ever been–in possession of the property that the Defendant seeks. Accordingly, the Defendant has no remedy against the Government.

Ergo, the Defendant's Motion for the Return of Seized Property [d/e 145] is DENIED.

The Defendant's Motion to Show Cause [d/e 183] is DENIED.

ENTER: August 31, 2016

        FOR THE COURT:

                              s/Richard Mills
                              Richard Mills
                              United States District Judge